IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ANDREA GUYNES, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.        No. 1:22-cv-784-VMK

**LAKESIDE COMMUNITY COMMITTEE**        **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Andrea Guynes ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Lakeside Community Committee ("Defendant"), by and through their respective undersigned counsel, hereby seek approval of their Settlement Agreement resolving all claims in this lawsuit.

### I. INTRODUCTION

This case concerns claims of unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), originally brought by Named Plaintiff on February 14, 2022. *See* ECF No. 1. Named Plaintiff asserted that Defendant failed to pay her and Defendant's other Youth Workers a lawful overtime premium for the hours they worked over forty per week. *See id*. Named Plaintiff also sought liquidated damages and attorneys' fees. *See id*. Defendant acknowledged that there appeared to be some evidence of violations, but disagreed with the scope of them as put forth by Plaintiffs. *See* ECF No. 10. Therefore, a bona fide dispute exists with regard to Named Plaintiff's claims for unpaid overtime.

Page 1 of 8
Andrea Guynes, et al. v. Lakeside Community Committee
U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK
Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice

On June 7, 2022, the parties jointly moved this Court to conditionally certify this action as a collective action and to approve of the issuance of notice to the collective. *See* ECF Nos. 14-15. The collective was defined e as follows:

**All Youth Workers who worked more than 40 hours in any workweek since February 14, 2020.**

On June 13, 2022, this Court granted the motion, conditionally certifying the agreed upon collective. Notice was distributed and at the close of the opt-in period, a total of 10 individuals had joined the lawsuit. (Named Plaintiff and the 10 Opt-in Plaintiffs are hereinafter collectively referred to as "Plaintiffs").

During the course of this litigation, the parties engaged in informal discovery regarding Plaintiffs' claims, including Plaintiffs' time and pay records, and the underlying merits of the claims against Defendant, as well as defenses. Following computation of damages and negotiations between counsel, the parties have entered into a Settlement Agreement and Release (Settlement Agreement) resolving the litigation in full and requesting dismissal of this action with prejudice. A copy of the proposed Settlement Agreement is attached hereto as Exhibit A.

## II.     ARGUMENT

Courts in the Seventh Circuit routinely require approval of FLSA settlements. *See Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986). For FLSA settlements that do not involve Rule 23 classes, such as the Agreement here, a one-step settlement approval process is appropriate. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016).

Page 2 of 8
Andrea Guynes, et al. v. Lakeside Community Committee
U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK
Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See id.* at 1353–54, n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *See id.* at 1354 (contrasting settlements made in the context of a lawsuit, which provide "some assurance of an adversarial context," with settlements outside the context of a lawsuit, which are in "clear derogation…of the FLSA").

    A.    <u>Terms of the Settlement</u>

Under the terms of the Settlement Agreement, members of the collective who opted into this action are receiving payments corresponding to the full amount of their unpaid overtime damages for the two years prior to the filing of the Original Complaint as calculated by Counsel for Plaintiff, plus approximately 23% of their liquidated damages. Five individuals had unpaid overtime damages of less than $100 and have been allocated a minimum settlement payment of $100.

The Agreement does not require any Plaintiffs, including Named Plaintiff, to sign a general release of claims, so any claims outside of those related to this lawsuit will not be affected. *Bainter v. Akram Investments, LLC*, No. 17 C 7064, 2018 U.S. Dist. LEXIS 177445, at *14 (N.D. Ill. Oct. 9, 2018). "The absence of a general release exemplifies the results achieved for the Settlement Class." *Id*.

**Page 3 of 8**
**Andrea Guynes, et al. v. Lakeside Community Committee**
**U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK**
**Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice**

The proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks, and evaluated the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses. Neither liquidated, treble, and statutory damages nor success on the merits is guaranteed, and that proof of willfulness to support a third year of damages would be an uphill battle for Plaintiffs. If this case proceeds to trial, Defendant plans to present arguments that it attempted in good faith to comply with the law, and that any claims of minimum wage violations are invalid. Defendant additionally paid some amount of unpaid overtime to several of the class members prior to settlement and provided proof of the same to Counsel for Plaintiffs. The compromise as to these damages are reasonable.

The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal, and have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. As a 501(c)(3) exempt nonprofit, it is documented that Defendant's funds are limited and subject to budget restrictions by state law, which serves as a limitation to Plaintiffs' possible recovery. Named Plaintiff has considered the potential value of her claims and that of the other Youth Workers and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation. The parties believe the

Page 4 of 8
Andrea Guynes, et al. v. Lakeside Community Committee
U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK
Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice

settlement for Plaintiffs is fair, reasonable, and adequate, and they request an Order from this Court confirming the same.

B.  Attorneys' Fees

The FLSA entitles a prevailing plaintiff, "including a plaintiff who favorably settles his claims," to recover "a reasonable attorney's fee . . . and costs of the action." *De La Riva v. Houlihan Smith & Co.*, No. 10 C 8206, 2013 U.S. Dist. LEXIS 136339, at *3 (N.D. Ill. Sep. 24, 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 U.S. Dist. LEXIS 132353, at *5-6 (N.D. Ind. July 16, 2021) (quoting 29 U.S.C. § 216(b)).

To determine a reasonable hourly rate, the Court refers "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). Pursuant to the Settlement Agreement, Plaintiffs' counsel are to receive an agreed $17,000.00 in attorneys' fees and costs. This amount represents approximately 39% of the total settlement amount plus case costs, including the filing fee, service, postage, and the printing related to class notice totaling $537.19, and is pursuant to a written contingency fee agreement between Named Plaintiff and her counsel of 40% plus case costs. Plaintiffs' request is consistent with the market in the Northern District of Illinois. *Sanchez v. Roka Akor Chi. LLC*, 2017 U.S. Dist. LEXIS 65478, *17 (approving a 39.5% contingency fee equivalent); *Redman v. Radioshack Corp.*, 768 F.3d 622, 630 ("... the ratio of (1) the fee to (2) the fee plus what the class members received" and the "attorney's fees awarded to class counsel should not exceed a third or at most a half of the total amount of money going to class members."); *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992) (the "usual range for contingent fees is between 33 and 50 percent."); *In re Dairy Farmers*, 80 F. Supp. 3d 838, 845 (N.D. Ill. Feb. 20, 2015) (in class

Page 5 of 8
Andrea Guynes, et al. v. Lakeside Community Committee
U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK
Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice

actions, "usual range for contingent fees is between 33 and 50 percent"); *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) ("the typical contingent fee contract is between 33 and 40 percent ...").

To the extent this Court wishes to assess the amount and reasonableness of the fee via the lodestar, counsel for Plaintiffs stand ready to prepare their billing upon request. Plaintiffs' counsel submit that they worked over 90 hours on the case, incurring over $20,000.00 of billing at hourly rates ranging from $220 to $470 based on attorney experience, and $145 for paralegals. The hourly rates of Plaintiffs' counsel are reasonable in light of other similar hourly rates approved in this District in employment cases involving counsel with similar experience. *See, e.g., Gunn v. Stevens Security & Training Services*, No. 17-cv-06314, 2020 U.S. Dist. LEXIS 171615, at *6-7 (N.D. Ill. Sep. 18, 2020) (finding hourly rates ranging from $300 to $565 reasonable, depending on each attorney's level of experience, and an hourly paralegal rate of $190 reasonable, in an FLSA collective action case); *Bainter*, 2018 U.S. Dist. LEXIS 177445, at *12 (finding hourly rates ranging from $150 to $700 reasonable in an FLSA collective action case); and *Kurgan*, 2015 U.S. Dist. LEXIS 52006, at *14 (finding hourly rates ranging from $100 to $600 reasonable in an FLSA collective and class action case). Counsel for Plaintiffs took the case from the complaint drafting stage through conditional certification, including the preparation and mailing of class notice and processing of consents, informal discovery, damages calculations, and settlement negotiations. As set forth above, the results and benefits conferred upon Plaintiffs are substantial and justify the award. The award to counsel for Plaintiffs is reasonable and should be approved.

**Page 6 of 8**
**Andrea Guynes, et al. v. Lakeside Community Committee**
**U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK**
**Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice**

## III. CONCLUSION

WHEREFORE, for the reasons stated above, Named Plaintiff, individually and on behalf of all others similarly situated, and Defendant, respectfully request that the Court approve the settlement reached between the parties, dismiss the case with prejudice, and for all other just and proper relief.

Respectfully submitted,

**ANDREA GUYNES, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 7 of 8
Andrea Guynes, et al. v. Lakeside Community Committee
U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK
Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice**

        **and**   **LAKESIDE COMMUNITY COMMITTEE, DEFENDANT**

/s/ Charles A. Krugel
Charles A. Krugel
Ill. Bar No. 6216394
cak1@chrleskrugel.com

CHARLES A. KRUGEL LABOR & EMPLOYMENT LAW ON BEHALF OF BUSINESS
1001 S. State Street, Suite 1904
Chicago, Illinois 60605
Telephone: (312) 804-3851

### CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing Motion was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Charles A. Krugel, Esq.
Charles A. KRUGEL LABOR & EMPLOYMENT LAW ON BEHALF OF BUSINESS
1001 S. State Street, Suite 1904
Chicago, Illinois 60605
Telephone: (312) 804-3851
cak1@chrleskrugel.com

/s/ Colby Qualls
**Colby Qualls**

Page 8 of 8
Andrea Guynes, et al. v. Lakeside Community Committee
U.S.D.C. (N.D. Ill.) Case No. 22-cv-784-VMK
Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice